FRANCIS DE BEARN, PIERRE DE BEARN, ODON
DE BEARN AND JEAN BAPTISTE CHAUMET,
*vs.* LOUIS ELIE JOSEPH HENRY DE
GALARD DE BRASSAC DE BEARN,
COUNT & PRINCE DE BEARN
AND CHALAIS.

*Attachment; equity no jurisdiction to aid.*

Certain bonds of foreign railroads registered in the name of
infant children and deposited by their father as guardian of
the children in a trust company were by a decree of equity
declared to belong to the father absolutely; certain creditors
of his attached the bonds and intervening by petition in the
equity suit prayed that the registration of the bonds in the
names of the infants be cancelled. It was *held,* on appeal,
that the decree of the Court refusing the petition was proper,
as the Court had no power to take such action merely for the
purpose of aiding the attachment suits.                p. 687

*Decided June 22, 1911.*

Appeal from the Circuit Court No. 2 of Baltimore City
(GORTER, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, PATTISON and URNER, JJ.

*J. Kemp Bartlett,* for the appellants.

*Maurice Leon,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court No.
2 of Baltimore City, passed on the 9th day of December,

1910, sustaining a demurrer to the cross-petition of the appellant filed in the cause on October 27th, 1910.

The circumstances under which the cross-petition was filed are fully stated in the opinion of CHIEF JUDGE BOYD, filed April 5th, 1911, in the case of *Prince de Bearn* v. *Winans et al.* After referring at some length to the prior controversies over the bonds involved in this case, and to the pending attachments, and also to the petition of the Prince filed October 21st, 1910, the opinion proceeds as follows: "The attaching creditors filed an answer and a cross-petition, in which they alleged that the appellant had filed in the Court of Appeals a petition praying that the lower Court should be directed to forthwith sign an order turning over to him or his solicitor and attorney in fact the bonds referred to, but that said petition was dismissed by this Court, and that he then took an appeal to this Court from the decree of June 6th. They also alleged that the attachments were still pending. A demurrer to the cross-petition was sustained, and hence it will be unnecessary to discuss that at length, further than to say that the learned Judge who sustained the demurrer but also dismissed the petition of the appellant, filed an opinion in which, as well as in the orders passed by him, he gave the reasons which induced him to adopt the course pursued by him. As to the demurrer, he took the position that if the effect of the decision of this Court in 111 Md. was to make the bonds subject to attachment, there was no occasion for a Court of Equity granting the relief sought in the cross-petition, and if, on the other hand, they were not in such condition as to be subject to attachment, and in order to make them so, it was necessary for a Court of equity to change or modify them, then in his opinion that Court had no power to change the form of property, so as to make it subject to attachment, when it was not subject to attachment in its present form, and should not aid the statutory remedy of attachment by altering the form of property. In the cross-petition the attaching creditors had asked the Court to pass an order declaring the distribution and registration of the

bonds in the names of the infant children to be illegal, invalid and of no effect; that the bonds be brought into that Court by the American Bonding Company and Alexander Brown & Sons, but that they should not be taken from the custody of said American Bonding Company and Alexander Brown & Sons, pending the determination of the attachment suit, and that when they were brought into that Court that the clerk make upon each of them an indorsement as follows: "Registration in the name of Henry Ross Joseph Gaston de Galard de Bearn or Beatrice Neva Marie Cecile de Galard de Bearn, as the case may be, is hereby cancelled by order of the Circuit Court No. 2 of Baltimore City, bearing date the day of     , 1910, in the cause of *De Bearn* v. *Winans et al.*"

The cross-petition clearly showed that the object of the petitioners in having such an order passed was to enable them to reach the bonds by the attachments, or at least to remove what was supposed to be an obstacle in their way of so reaching them. The only possible standing they have in a Court of equity is as intervenors for the benefit of their attachments, as they have no interest in the bonds excepting as they claim to have as attaching creditors. Under such circumstances, we think the Court was right in refusing to take the action prayed for in that cross-petition, merely for the purpose of aiding the attachment. The cases of *Harper* v. *Clayton,* 84 Md. 346, and *Frederick County Bank* v. *Shafer,* 87 Md. 54, together with JUDGE PEARCE's opinion in the other case, sufficiently show the position this Court has taken on such questions to avoid the necessity of citing others. As was said in *Harper v. Clayton,* a Court of equity, however broad and far-reaching its powers are, can not create rights not before existing at law, and then take jurisdiction to pass upon and enforce them because the law affords no remedy."

In other words, if these bonds could not be reached by the attachments by reason of the fact that they were registered in the names of the children, then, in the absence of fraud or some ground of equity jurisdiction, a Court of Equity has no power to change or strike out the registration

of them, at the instance of the attaching creditors, simply for the purpose of making them subject to attachment; and if they are already subject to attachment, then, as JUDGE GORTER well said, "there is no occasion for such relief."

In view of what was said in that part of the opinion above quoted we see no necessity for any further discussion of the questions presented by this appeal, and for the reasons stated by JUDGE BOYD, the order appealed from will be affirmed.

*Order affirmed, with costs.*