DE GALARD DE BRASSAC DE BEARN v. SAFE DEPOSIT & TRUST
CO. OF BALTIMORE et al.

(District Court, D. Maryland.   June 3, 1912.)

1. PARTIES (§ 32*)—INDISPENSABLE PARTIES.
   To a suit in equity by the owner to obtain possession of certain bonds
   which have been seized by one of the defendants as sheriff under attach-
   ments issued in several actions against complainant, on the ground that
   the bonds were not subject to attachment, the plaintiffs in the attach-
   ment suits are indispensable parties.
   [Ed. Note.—For other cases, see Parties, Dec. Dig. § 32.*]

2. COURTS (§ 497*)—CONFLICTING JURISDICTION—FEDERAL AND STATE COURTS.
   A federal court of equity is without jurisdiction of a suit to obtain
   possession of certain bonds which have been attached under writs issued
   by a state court, in actions against the complainant.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398,
   1404–1406; Dec. Dig. § 497.*
   Conflict of jurisdiction with state courts, see note to Louisville Trust
   Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity.   Suit by Louis Elie Joseph Henry De Galard De Bras-
sac De Bearn, Count and Prince of Bearn and Chalais, against the
Safe Deposit & Trust Company of Baltimore, the American Bonding
Company of Baltimore, Alexander Brown, Austin McLanahan, B.
Howell Griswold, Jr., and Harman Brown Bell, trading as Alex-
ander Brown & Sons, and Theodore P. Weiss, Sheriff of the City
of Baltimore.   On demurrer to bill.   Demurrer sustained.

Maurice Leon, of New York City, for complainant.
Edward Duffy, of Baltimore, Md., for defendant American Bond-
ing Co.
Griswold & Marshall, of Baltimore, Md., for defendant Alex-
ander Brown & Sons.
Charles McHenry Howard, of Baltimore, Md., for defendant Safe
Deposit & Trust Co.
William C. Smith, of Baltimore, Md., for defendant Theodore P.
Weiss, Sheriff.

ROSE, District Judge.   The defendants have demurred to the bill
of complaint.   In so far as its allegations are well pleaded, they are
upon this hearing to be taken as true.   They are in substance as
follows:

The complainant is a citizen of the French Republic.   The in-
dividual defendants are citizens of Maryland.   The corporate de-
fendants are corporations of that state.   The amount in controversy
exceeds $3,000.   The complainant is the owner of some $156,000 of
debts of the Chicago, St. Paul, Minneapolis & Omaha Railway Com-
pany, a Wisconsin corporation, and of $29,000 of debts of the New
York Central & Hudson River Railroad Company, a New York
corporation.   These debts are evidenced by bonds.   The bonds are
registered in the name of one or the other of the complainant's infant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

children. These bonds are secured by deeds of trust. By their terms any transfer of title to these bonds shall be invalid and void unless made upon the books of said corporations, respectively, in the city, county, and state of New York.

On or prior to October 28, 1908, the complainant had been appointed by the orphans' court of Baltmore City guardian for his two children. These evidences of debts were then supposed to belong to them. He was required to give bond as guardian. The defendant the American Bonding Company of Baltimore agreed to become his surety thereon. The terms of such agreement were set forth in a letter written by the complainant to the defendants Alexander Brown & Sons. This letter was approved by the American Bonding Company. In it the complainant said the bonds had been placed in a box in the vaults of the defendant the Safe Deposit & Trust Company of Baltimore. He promised not to remove the bonds therefrom without the consent of the American Bonding Company. Access to the box was restricted to the last-named company and Alexander Brown & Sons jointly. It was given for the sole purpose of allowing the latter to remove interest warrants from the bonds during the guardianship and to forward the same to New York for payment. In December, 1909, the Court of Appeals of Maryland, at the suit of the complainant, declared the said guardianship, and certain releases given in connection therewith, null and void. Prince De Bearn v. Winans, 111 Md. 434, 74 Atl. 626.

By such decree the suretyship of the American Bonding Company was extinguished, and with it the sole purpose for which the bonds were placed in the custody of the American Bonding Company and Alexander Brown & Sons. The complainant became entitled to the immediate possession of said evidences of debts. He has urgent need of them. Five suits have been brought against the complainant in the superior court of Baltimore City. The plaintiffs in all those cases are nonresidents of the state of Maryland. The claims upon which they are brought arose outside of that state. On the ground of the complainant's nonresidence, the plaintiffs in these suits caused writs of attachment to issue out of said court directed to the defendant sheriff. The last named made return upon said writs that he has seized thereunder the particular debts or bonds. The complainant has not been personally served with process in said suits. The American Bonding Company and Alexander Brown & Sons make no claims to the box or personal claim to its contents antagonistic to the complainant. Because of such action upon the part of the sheriff, complainant is unable to secure access to said box or to remove its contents. Complainant makes no personal claim against the American Bonding Company or Alexander Brown & Sons. He joins the Safe Deposit & Trust Company as defendant merely to obtain against it a decree which will protect it as landlord and as controlling physical access to said box against liability in the premises.

As conclusions of law from the facts above stated, the complainant alleges that the proceedings of the defendant sheriff under said writs, purporting under color of the attachment statutes of Mary-

land and of said writs to seize said debts which are owned by the complainant in the state of New York, are illegal. and void.    He says the said debts are not property in the state of Maryland, and therefore have not and cannot be seized under said writs.    He charges that the defendant sheriff by his proceedings under the writs of attachment is attempting to interfere with said box and its contents and to incumber complainant's title to said particular debts, and has sought and is seeking to deprive complainant of his property and of the effective control and use thereof without due process of law, and to deprive the complainant of the equal protection of the laws in violation of the fourteenth amendment.    He asserts that the superior court of Baltimore City has no personal jurisdiction over him and has not gained jurisdiction over the box or its contents or over the debts owned by the complainant in the state of New York.

The bill prays that the complainant be decreed to be the true lessee of the box and entitled to access to the same and to withdraw the contents thereof either in person or by his duly authorized representative; that the sheriff be enjoined and restrained from in any manner interfering with the said box and its contents; and that pending this action the sheriff be enjoined so that this court be not hindered in its jurisdiction over this cause; and for other and further relief.

It will be necessary to consider only two of the objections which defendants make to the legal sufficiency of the bill.

[1] They say: First, the plaintiffs in the attachment suits are indispensable parties, and they have not been brought in.    Second, before the filing of the bill a state court had assumed jurisdiction of, and was exerting control over, the property which the complainant asks this court to put into his hands.    With such jurisdiction and control, this court, it is said, may not lawfully interfere.

Complainant answers, in effect, that the properties upon which the sheriff has attempted to levy are debts due him; that neither he nor the corporate debtors are residents of Maryland or in any wise subject without their consent to the jurisdiction of its courts over their persons; that by the contract between him and his debtors his rights to those debts cannot be transferred from him elsewhere than in the city of New York, a place in which the writs of the Maryland courts will not run.    It follows, he argues, that the so-called attachment proceedings are utterly void.    The sheriff is a mere wrongdoer.    The complainant is entitled to ignore altogether the persons at whose suit the writs issued, the court by which they were issued, and the writs themselves.    The bill itself shows that there are in Maryland certain pieces of paper called bonds which are evidences of the debts due to the complainant.    Without possession of these pieces of paper, complainant cannot obtain the beneficial enjoyment in possession of the debts in question, because of certain writs which the state court has issued and caused to be levied by its officer, the defendant sheriff, upon such pieces of paper and to be laid in the hands of the defendants who have either the actual physical custody of such pieces of paper or the right of access thereto.    In short, the

attaching creditors say those pieces of paper are attachable, and that they may by subjecting them to their attachments compel the application of the debts evidenced by such pieces of paper, to the payment of their claims against the complainant. Complainant says they are not attachable.

It cannot be said that the contentions of the attaching creditors are so utterly unreasonable that they may be regarded as merely colorable. Apparently they have received the sanction of the highest court of Maryland. De Bearn v. Prince De Bearn, 115 Md. 668, 81 Atl. 223, 36 L. R. A. (N. S.) 421.

Nevertheless, the complainant asks this court to decide that controversy against the attaching creditors, to declare that the claims which they are asserting under the writs of attachment are without foundation, and to direct that the things upon which they have levied be taken out of the custody of the court in which their suits are pending, and that all this shall be done in a proceeding to which they are not parties.

Whether the control over these bonds which the attaching creditors are now exercising, and which it is the object of this bill to put an end to, is de jure, for the present purpose matters little. It may be presumed that they say it is. The complainant by filing the bill admits that it exists de facto. If it did not, this suit would not have been brought. Before this court may adjudge that the attaching creditors are wrong, they must have their day at its bar. The defendants here for their own protection must bring to the attention of this court the fact that the plaintiffs in the attachment suit have not been made parties. If this was not done and their absence should chance to be overlooked, it might well be that such parties would not be bound by the decree. It would then afford no protection as against them to one who acted under it. In short, the attaching creditors not only have an interest in the controversy here pending, but that interest is of such a nature that a final decree cannot be made without affecting that interest or without leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. They are therefore indispensable parties to this proceeding. Shields v. Barrow, 17 How. 139, 15 L. Ed. 158; California v. Southern Pacific Co., 157 U. S. 249, 15 Sup. Ct. 591, 39 L. Ed. 683. This rule has been recently and rigidly applied by the Circuit Court of Appeals for this circuit. Baltimore, Chesapeake & Atlantic Ry. Co. v. Godeffroy, 182 Fed. 525, 105 C. C. A. 63.

[2] The complainant may, if so advised, amend his bill by making the attaching creditors parties defendant.

The second ground of objection is one which cannot be so easily gotten rid of. This court may not take anything, be it safe deposit boxes, bonds, evidences of debt, or what not, out of the custody of a state court. The complainant does not question the general rule. He claims that is not here applicable. He says that, while the superior court has jurisdiction to issue writs of nonresident attachment. the things which its officer has sought to attach in this case are not

attachable. It follows, he argues, that this court may and must, when properly applied to, altogether ignore such void proceedings.

The Court of Appeals of Maryland has expressly decided that a court of equity may not assume to declare such attachments altogether nugatory. De Bearn v. Winans, 115 Md. 139, 80 Atl. 730. See, also, De Bearn v. Winans, 115 Md. 604, 80 Atl. 1071; De Bearn v. De Bearn, 115 Md. 668, 81 Atl. 223, 36 L. R. A. (N. S.) 421; De Bearn v. De Bearn, 115 Md. 685, 81 Atl. 222. It was there decided that such evidences of debt or bonds as are involved in the pending case may be attached in Maryland.

Neither the superior court of Baltimore City nor this court have any control over the other. If it should be here held that the things in question were not attachable, that court would be under no obligation to subordinate its judgment to that of this court. A conflict of jurisdiction would follow. The rule that one court of concurrent jurisdiction may not attempt to exercise control over anything which has previously come into and still is in the control of the other court is intended to render such unseemly controversies impossible. The facts of this case bring it within both the letter and the spirit of that rule.

If the complainant is right in asserting that these bonds are not attachable in Maryland and that any attachment of them in this state is a violation of rights secured to him by the federal Constitution, he will not, by what is here decided, be denied the opportunity to have his contentions passed upon by the highest court of the nation. If there shall be final judgments of condemnation in the attachment cases, and those judgments shall be affirmed by the Court of Appeals, the complainant may sue out his writ of error to the Supreme Court. That tribunal has the right to correct any mistakes which, in passing upon a federal question, a state court may make. No such power has been given to this court. In so saying there is, of course, no intention of suggesting that in this case any mistake has been made.

Technically, as this is a hearing upon demurrer, this court may not be entitled to take judicial notice of the fact that to all the cases in 111 and 115 Md., 80 and 81 Atl., cited in this opinion the complainant was a party. The conclusions herein stated have been reached, therefore, without considering whether the question as to whether a court of equity may interfere with these attachment proceedings and whether the evidences of debt are under the circumstances of this case attachable have been decided contrary to the contention of the complainant in a case to which he was a party and which had reference to the very attachment proceedings which he seeks here to have declared invalid.

The demurrer must be sustained. As the complainant elects to stand on his bill as originally filed, and does not wish to amend, it will be dismissed at his cost.