## EDWARDS v. TERMINAL SHARES, Inc., et al.

### No. 11537.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1940.

William R. Gentry, of St. Louis, Mo., for appellant.

R. B. Caldwell, of Kansas City, Mo., and J. Porter Henry, of St. Louis, Mo., for Guy A. Thompson, Trustee, Missouri Pac. R. Co.

Before GARDNER and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This appeal challenges the correctness of an order denying a motion of appellant, who was plaintiff below, for an order directing process to issue to non-resident defendants named in plaintiffs' complaint.

The Missouri Pacific Railroad Company, on March 31, 1933, filed its application for reorganization under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. In that proceeding Guy A. Thompson was appointed a trustee and is now the sole trustee. Subsequently, on June 7, 1933, the Guaranty Trust Company of New York and Benjamin F. Edwards, as trustees under the first and refunding mortgage of the Missouri Pacific Railroad Company, were on application permitted to intervene in the cause "for the purpose of protecting their rights as such trustees and the rights of the holders of the bonds issued thereunder."

On March 20, 1939, Benjamin F. Edwards, as sole individual trustee, filed complaint in the District Court of the United States, for the Eastern District of Missouri (the reorganization court), reciting that it was his duty as trustee to preserve and protect the rights of the holders of the bonds, and to that end to institute appropriate litigation to quiet and perfect the interest of the bondholders in the property to which

the lien of the mortgage should attach, and also to prevent waste. The complaint does not set out any of the provisions of the mortgage. It alleges the purchase by Alleghany Corporation, through its wholly owned subsidiary, Terminal Shares, Inc., of certain stock in Missouri corporations owning certain real estate in North Kansas City, and also terminal railroad property in St. Joseph, Missouri. It alleges the subsequent purchase of this property by the Missouri Pacific Railroad Company from Terminal Shares, Inc., and the execution of certain contracts evidencing such purchase; that by the terms of the contract title to the property was to remain in the seller until all the properties were fully paid for; that certain quarterly installment payments of $400,000 each had been made by the Missouri Pacific Railroad Company, and that at the time the Missouri Pacific Railroad Company filed its application for reorganization it had paid eight such payments amounting in the aggregate to $3,-200,000; that the Missouri Pacific was to acquire under these contracts all the properties which had been purchased by Alleghany Corporation, but that Alleghany Corporation secretly withheld certain open accounts of over $4,000,000, which were carried on the books of the North Kansas City companies; that the amount paid by Alleghany Corporation for all the properties was approximately $20,000,000 in 1929 on a high market and were sold to Missouri Pacific Railroad Company in December, 1930, at the same price, though not including all the property, and after there had been a terrific decline in property values; that the Alleghany Corporation coerced Missouri Pacific Railroad Company into buying these properties by means of its ownership and control of Missouri Pacific Railroad Company; that all of these properties are essential to the reorganization of the Missouri Pacific Railroad Company; that the secret profits made by the Alleghany Corporation, or its wholly owned subsidiaries, by reason of the contract of sale, exceeded in amount the unpaid purchase price required by the terms of the contract to be made by Missouri Pacific Railroad Company and that the two indebtednesses should be set off one against the other. Plaintiff asks that the court adjudge that Alleghany Corporation is liable to Missouri Pacific Railroad Company for the amount paid by that company under the contracts; that the amount owing

by the Missouri Pacific Railroad Company be discharged by way of offset against profits made by Alleghany Corporation on the contract of sale; that all the properties described in the contract, except the open accounts, be vested in Guy A. Thompson, Trustee, free and clear of liens; that the lien of the first mortgage bonds, of which plaintiff is trustee, be adjudged to attach to said property subject to the rights of said Thompson, and that the title of the Missouri Pacific Railroad Company, its trustee and creditors, be adjudged determined and quieted as to all said properties.

It is disclosed by the records of this court in Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1, that Guy A. Thompson, Trustee, had been directed by the District Court of Reorganization, previous to the filing of this suit by plaintiff, to disaffirm the purchase contracts above referred to and to institute suit to recover the $3,200,000 paid thereunder, and that pursuant to such direction he had filed suit in the United States District Court for the Western District of Missouri, seeking to recover this $3,-200,000 and asserting an equitable lien on the properties covered by the contracts which he is seeking to foreclose, and this suit is now pending. The trustee thereafter filed suit in the District Court for the Eastern District of Missouri (the reorganization court) seeking to recover a personal judgment against the same parties made defendants in the instant suit for the sums of money so paid by the Missouri Pacific Railroad Company, invoking for that purpose the alleged exclusive jurisdiction of the reorganization court under Section 77, Chapter VIII of the Acts of Congress relating to bankruptcy. In that suit the trustee contended that the cause of action for recovery of said sum of money was properly within the meaning of Section 77, and that hence the reorganization court had exclusive jurisdiction. It was also asserted that the reorganization court had exclusive jurisdiction by reason of the provision conferring upon the reorganization court all the power which a Federal court would have had had it appointed a receiver in equity. On the filing of that suit in the reorganization court, summonses were issued and served upon the various non-resident defendants in the districts of their respective residences, but the reorganization court sustained motions to dismiss on the ground that it did not have jurisdiction in personam. This decision

976

was upheld by this court. Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1.

Subsequent to filing his complaint in the instant suit, plaintiff filed a motion for an order directing process to issue to the non-resident defendants named in his complaint and being the identical defendants named in the above mentioned suit of Guy A. Thompson, Trustee, filed in the reorganization court. The court denied this motion on the ground that it appeared from the records of the court that the Trustee of the Missouri Pacific Railroad Company had disaffirmed the contracts in question and that therefore no cause of action of the type asserted by the plaintiff was cognizable by that court for the reason that the plaintiff assumed the validity of such contracts and that they created binding obligations upon the debtor, Missouri Pacific Railroad Company. The lower court also held that any right of action existing under the contracts belonged to the trustee in reorganization, and that the trustee had filed suit pursuant to authority granted to institute proceedings for the enforcement of such rights as existed in favor of the debtor against the same parties named as defendants in the instant suit. From the order denying this motion the present appeal is prosecuted.

We held in Thompson v. Terminal Shares, supra, under the same facts as here disclosed, that process of the reorganization court could not extend beyond its territorial jurisdiction and unless expressly authorized by law its process could not be served outside the territory of which it had jurisdiction. There is no attempt to distinguish this case in its facts, but it is said that, "This court disregarded the primary rule of statutory construction as formulated by the Supreme Court." Neither is any principle of law urged upon us which was not presented and considered in Thompson v. Terminal Shares, supra. Public policy and the interest of litigants require that there be an end to litigation and matters distinctly put in issue and determined should not be retried in subsequent phases of the same litigation. We can see but little excuse for initiating this proceeding. The decision of the lower court must have been anticipated, and the appeal if prosecuted in good faith, is certainly ill-advised. The case is clearly ruled by our decision in Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1, and the order appealed from is therefore affirmed.