## DE BEARN *v.* SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF MARYLAND.

No. 301.   Argued March 17, 18, 1914.—Decided April 6, 1914.

This court takes judicial notice of its own records; and, if not *res judicata*, may, on the principles of *stare decisis*, examine and consider decisions in former cases affecting the consideration of one under advisement, *Bienville Water Supply Co.* v. *Mobile*, 186 U. S. 212. It may take judicial notice of its own records in regard to proceedings formerly had by a party to a proceeding before it. *Dimmick* v. *Tompkins*, 194 U. S. 194.

It appearing from the records of this court that the constitutional questions alleged as the sole basis for a direct review of the judgment of the District Court, have been heretofore decided to be so wanting in merit as not to afford ground for jurisdiction, the appeal in this case is dismissed.

It is in the interest of the Republic that litigation should come to an end.

In this case the state court has sustained attachments as authorized by state law.

It is within the power of the State to authorize a foreign creditor to attach bonds within the State deposited under directions of the state court in the exercise of its lawful powers, and which cannot be removed from the State without the authority of the state court.

Even though such bonds may have been registered by a prior order of the state court, it may be the duty of that court under the state law to remove such registry in order to protect attaching creditors.

An owner of bonds deposited in a safe deposit vault under an order of the state court, *held*, in this case, not to have been deprived of his property without due process of law by the attachment of such bonds under process issued by the state court in accordance with the law of the State as determined by its highest court.

THE facts, which involve the jurisdiction of this court of direct appeals from the District Court on constitutional questions, are stated in the opinion.

*Mr. George C. Holt* and *Mr. Maurice Leon* for appellant:

Appellant was entitled to show in the Federal court below that a state court sitting in the same State had not acquired jurisdiction of the bonds although the sheriff had filed a return stating that they had been seized. *Cooper* v. *Newell*, 173 U. S. 555.

Upon the conceded facts the state court had not acquired prior jurisdiction over the bonds. *Bates* v. *N. O., J. & G. N. R. Co.*, 4 Abb. Pr. 72; *S. C.*, 13 How. Pr. 516; *Smith* v. *Kennebec &c. Co.*, 45 Maine, 547; *Bowker* v. *Hill*, 60 Maine, 172; *Buck* v. *Beach*, 206 U. S. 392; *Tweedy* v. *Bogart*, 56 Connecticut, 15; *Ward* v. *Boyce*, 152 N. Y. 191; *Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193.

Treating the bonds as property capable of transfer by manual delivery, it is nevertheless clear that as they were not seized, the state court did not gain jurisdiction over them. *Cooper* v. *Reynolds*, 10 Wall. 308; *Pelham* v. *Rose*, 9 Wall. 103.

No lien was acquired by a seizure which consisted merely in the filing of a return in the state court without caption of the bonds or anything amounting to physical taking into custody. *Pennoyer* v. *Neff*, 95 U. S. 714, 730.

The Federal court, having acquired prior jurisdiction by process served *in personam* on the lessor and on the nominal lessees of the box as parties defendant in an original suit to determine the status of the leasehold of the safe deposit box should protect its jurisdiction to render a decree by preventing interference with the *res.* Section 265, Judicial Code; *Freeman* v. *Howe*, 24 How. 450, 461; *Ricker Land Co.* v. *Miller & Lux*, 218 U. S. 258; *Helm* v. *Zarecor*, 222 U. S. 32.

The appellant is deprived of his property by a decree giving effect to state court proceedings which are not supported by jurisdiction acquired either *in rem* or *in personam* according to the settled rules of jurisprudence and which, under the decisions of this court, do not constitute "due process of law."

*Mr. Charles McH. Howard,* with whom *Mr. Albert C. Ritchie* and *Mr. Edward Duffy* were on the brief, for appellees:

At the time of the filing of the bill these bonds were all subject to several attachments, issued out of the Superior Court of Baltimore City in suits instituted against the plaintiff by his creditors; shortly after filing the bill in this case judgments were rendered in those attachment suits, condemning these bonds. Those judgments are now final.

There are two cardinal principles in law which apply to this case and render the bill demurrable: One, that indispensable parties to a decree (in this case the attaching creditors) must be made parties; Foster, Fed. Pr. (4th ed.), §§ 53, 60; the other, that where a state court has first acquired jurisdiction, the United States court will not act. *Id.,* § 9.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In this case the court below sustained a demurrer to the complaint and this direct appeal was then taken on the theory that rights under the Constitution of the United States were involved. To determine whether there is a constitutional question, and, if so, to decide it, requires a statement of the averments of the complaint.

The complainant was the appellant and the defendants were the Safe Deposit & Trust Company of Baltimore, American Bonding Company of Baltimore, Alexander Brown & Sons, a commercial firm established in Baltimore and Theodore P. Weis, sheriff of the city of Baltimore. It was alleged that the complainant was the owner of coupon bonds of $29,000 issued by the New York Central & Hudson River R. R. and of $156,000 of bonds issued by the Chicago, St. Paul, Minneapolis & Omaha Railway Com-

pany., a specified amount of the bonds being registered in
the name of a minor son and a stated amount being like-
wise registered in the name of a minor daughter of the
complainant.   It was averred that the bonds were in a
safe deposit box in the vault of the defendant Safe Deposit
& Trust Company, "where your orator, by means of a
guardianship proceeding in the Orphans' Court of Balti-
more which has since been declared illegal and void, was
induced to place said bonds, said box being rented and
standing recorded on the books of the said safe deposit
Company in the joint names of Messrs. Alexander Brown
& Sons and the American Bonding Company; that for the
purposes of such guardianship proceeding your orator
had in the year 1908 been required by the said American
Bonding Company as surety on your orator's bond in said
guardianship proceeding to agree not to remove the said
bonds without the consent of said surety; and had further
been required by said surety to consent that said surety
and said Alexander Brown and Sons should only have
joint access to said bonds and the same for the sole pur-
pose of enabling said Alexander Brown and Sons to re-
move interest warrants from said bonds during the said
guardianship and forward the same for payment to the
City of New York as they became due.

"That in December 1909, the Court of Appeals of
Maryland by a decree founded upon personal jurisdiction
over all the parties to said guardianship proceeding de-
clared the said guardianship and certain releases given by
your orator in connection therewith null and void; that
by said adjudication, the said suretyship of the said
American Bonding Company of Baltimore was extin-
guished and that neither said Bonding Company nor said
Alexander Brown and Sons have since said adjudication
had any right of access to or other right or control whatso-
ever in, over or as to said safe deposit box and the con-
tents of the same and said adjudication has established the

lack of jurisdiction over said property on the part of the Courts which had so undertaken to deal therewith.

"That your orator is entitled to the immediate possession of the said evidences of debt, to wit: registered bonds for all purposes and is in urgent need of them for the purpose of causing said debts to be transferred upon the books of the debtor corporations in the State of New York to the name of your orator or at his option of surrendering said bonds to the said corporations respectively in exchange for the issuance to your orator of other evidences of said debts, to take the place of said bonds now so registered, as he would have done in the year 1908 but for the illegal guardianship proceeding already referred to.

"That your orator has been since the month of October 1908, and still is the true lessee of said box the rental of which has been paid with funds furnished by your orator and as above shown at all times owner of the contents thereof; that said Alexander Brown and Sons have not been and are not in any manner responsible either for said box or for the custody of the contents of the same or in or for any matter growing out of the arrangement under which said box was rented and said registered bonds placed therein; that as to the American Bonding Company, it has had no connection with or interest in the rental of said box or the custody of the contents of the same except as surety of your orator upon his bond as guardian, which said suretyship was undertaken in the aforesaid illegal guardianship proceeding which has been declared void and set aside."

After reciting the provisions of a memorandum agreement between the plaintiff and defendant Brown & Sons and the Bonding Company by which the joint access to the box in which the bonds were deposited should be had for the purpose of cutting the coupons from the bonds and turning them over to the complainant, it was averred that neither the American Bonding Company nor Brown &

Sons set up any interest antagonistic to the complainant but that he was unable to get access to the box where the bonds were deposited without a decree authorizing him to do so and that such a decree was necessary for the protection of Brown and Sons and the Safe Deposit & Trust Company. It was then averred that the defendant sheriff of Baltimore County "has filed in the Superior Court of Baltimore, a Court of law of the State of Maryland, returns to certain writs of attachment stating that he has seized the aforesaid particular debts under such writs issued out of said Court in five suits brought by divers non-residents of the State of Maryland against your orator upon the ground of your orator's non-residence in said State to recover upon divers claims alleged to have arisen out of said State; that the said proceedings of the said defendant Sheriff under said writs purporting under color of the attachment statutes of Maryland and of said writs to seize said debts which are owned by your orator in the State of New York, are illegal and void; that your orator has not been personally served with process in said suits; that said debts have not and cannot be seized under said writs not being property in the State of Maryland; that the defendant sheriff by his said proceedings under said writs has attempted and is attempting to interfere with said box and its contents and to encumber your orator's title to said particular debts and has sought and is seeking to deprive your orator of his property and of the effective control thereof and of the use thereof without due process of law and to deprive your orator of the equal protection of the laws in violation of the Constitution of the United States and particularly of Section I of the fourteenth amendment thereto; that said Superior Court of Baltimore City has no personal jurisdiction over your orator and has not gained jurisdiction over the aforesaid box or its contents or over the debts owned by your orator in the State of New York, and the said defendant Sheriff

has no lawful authority to impede or seek to impede or hinder your orator in the premises nor to do any act tending to defeat your orator's control of the said debts or the evidences thereof or to prevent your orator from securing the relief applied for herein, and which this Court has jurisdiction to grant your orator, and that the said unlawful proceedings of the said Sheriff under color of said writs will, if persisted in, constitute an unlawful interference with the jurisdiction of this Court in the premises."

The prayer was that the complainant be decreed to be the lessee of the safe deposit box and entitled to access to the same and to withdraw the contents and that the sheriff be enjoined from in any way interfering with the accomplishment of these results.

The demurrers which were filed to this bill by the respective defendants were based first upon the absence of necessary parties, that is, those in whose behalf the attachments had been issued as referred to in the bill and second because, as the bill disclosed that the bonds referred to in the bill were under levy by attachment issued out of the state court, there was no power in the United States court to interfere. The court below rested its decree sustaining the demurrer and dismissing the bill on both these grounds. In disposing of the latter the court said: "This Court may not take anything, be it safe deposit boxes, bonds, evidences of debt or what not, out of the custody of a state Court. The complainant does not question the general rule. He claims that it is not here applicable. He says that while the Superior Court has jurisdiction to issue writs of non-resident attachment, the things which its officer has sought to attach in this case are not attachable. It follows, he argues, that this Court may and must when properly applied to altogether ignore such void proceedings.

"The Court of Appeals of Maryland has expressly de-

cided that a Court of Equity may not assume to declare such attachments altogether nugatory. *de Bearn* v. *Winans*, 115 Maryland, 139.

"See also: *de Bearn* v. *Winans*, 115 Maryland, 604; *de Bearn* v. *de Bearn*, 115 Maryland, 668; *de Bearn* v. *de Bearn*, 115 Maryland, 685.

"It was there decided that such evidences of debt or bonds as are involved in the pending case may be attached in Maryland.

"Neither the Superior Court of Baltimore City nor this Court have any control over the other. If it should be here held that the things in question were not attachable, that Court would be under no obligation to subordinate its judgment to that of this Court. A conflict of jurisdiction would follow. The rule that one Court of concurrent jurisdiction may not attempt to exercise control over anything which has previously come into and still is in the control of the other Court is intended to render such unseemly controversies impossible. The facts of this case bring it within both the letter and spirit of that rule."

After further pointing out that ample remedy would be afforded the complainant by asserting his constitutional rights, if any, in the state court where the attachments were pending, and, if such Federal rights were denied, by prosecuting error to this court, the court observed: "Technically, as this is a hearing upon demurrer, this Court may not be entitled to take judicial notice of the fact that to all the cases in 111 and 115 Maryland cited in this opinion the complainant was a party. The conclusions herein stated have been reached, therefore, without considering whether the question as to whether a court of equity may interfere with these attachment proceedings and whether the evidences of debt are under the circumstances of this case attachable have been decided contrary to the contention of the complainant in a case to which he was a party and which had reference to the very attach-

ment proceedings which he seeks here to have declared invalid."

We are not constrained by the limitations which the lower court considered prevented .it from taking notice of the judicial proceedings in the courts of Maryland in which the attachments issued. We say this because, as was declared in *Bienville Water Supply Company* v. *Mobile,* 186 U. S. 212, 217: "We take judicial notice of our own records, and, if not *res judicata,* we may, on the principle of *stare decisis,* rightfully examine and consider the decision in the former case as affecting the consideration of this;" and again, as further declared in *Dimmick* v. *Tompkins,* 194 U. S. 540, 548: "The court has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had therein by one of the parties to the proceedings now before it." Availing of this power and making reference to the records of this court, it appears that the controversy as to the validity of the attachments with which the appeal before us is concerned has on three different occasions been here considered. *de Bearn* v. *de Bearn,* 225 U. S. 695; *de Bearn* v. *de Bearn,* 231 U. S. 741; *de Bearn* v. *Winans,* 232 U. S. 719. In the first, an attempt to bring a controversy on the subject here was dismissed because of its prematurity. In the other two cases it appears that at the time the bill in this case was filed, the complainant was engaged in litigating in the courts of the State of Maryland the very grounds of opposition to the attachments which were made the basis of the bill in this case and that after filing such bill he continued such litigation in the state courts, and when, after a full consideration of his grounds of complaint, both state and Federal in the court of last resort of Maryland there were decisions against him, error was prosecuted from this court because of the asserted existence of the Federal rights which were alleged in the bill now before us. The records disclose that in both cases motions to dismiss

for want of jurisdiction were sustained by *per curiam* opinions, reference being made in the one case (231 U. S. 741) to authorities upholding the doctrine that no power to review exists in a case where although there is a Federal question, the conclusion of the court below rests upon a non-Federal or state ground completely adequate to sustain it, and in the other case (232 U. S. 719) the motion to dismiss was sustained by authorities to the same effect and additionally upon authorities establishing the rule that a wholly frivolous and unsubstantial Federal question was not adequate to give jurisdiction.

Indeed, the record in the case last cited establishes that in that proceeding the appellant filed a pleading in which he expressly set up the pendency of the bill in the United States court which is now before us and urged the supposed Federal rights upon which the bill was rested as a basis for relief.

From these considerations it obviously comes to pass that the supposed constitutional questions upon which our right to directly review the action of the court below can alone rest, have been already here twice decided to be so wanting in merit as not to afford ground for jurisdiction. It is true that the cases referred to involved the jurisdiction to review the judgments of the court of last resort of the State of Maryland under § 237 of the Judicial Code, but that difference affords no reason for distinguishing this case from the previous cases, since it is impossible to conceive that the assertion of an alleged constitutional right which was decided to be so unsubstantial and frivolous as to afford no ground to review the action of the state court of Maryland concerning the attachments should yet now be held to be of sufficient merit to give jurisdiction to directly review the action of the court below in refusing to interfere with the same attachments. Applying the previous cases, therefore, it plainly follows that we have no jurisdiction on this writ of error, and therefore

our duty is to dismiss. Before, however, discharging that duty without going into the labyrinth of pleadings, of motions, of supplementary papers, etc., etc., with which this and the previous records before us abound and by the use of which this case has been taken many times to the court of last resort of Maryland and is here now for the fourth time, as it is in the "interest of the Republic that litigation should come to an end," we pause to say that considering again the whole field and weighing every Federal right asserted, we see no ground for doubting the correctness of the conclusions which constrained us to hold that the controversies presented in the previous cases were beyond our cognizance. Briefly speaking, it is to be observed that the error which in this and the previous cases underlies all the assumptions of Federal right arises from disregarding the distinction between a controversy as to whether the attachments were authorized by the law of the State and the contention as to the power in the State to have given authority to its courts to issue such attachments. The two are widely different, the one being concerned with what state action has been taken and the other with the power of the State to confer authority to take such action. *Castillo* v. *McConnico*, 168 U. S. 674. As to the first, there is no room for controversy, since the decisions of the Maryland court of last resort have explicitly declared not only that the attachments were authorized by the state law, but that as the result of the authority to issue them there was imposed upon the state courts the duty under the facts disclosed by the record to exert their authority to the full extent required to protect the rights of the attaching creditors by seeing to it that the property attached which was in the custody of the court and subject to its control be not permitted to be removed or taken out of the reach of that authority for the purpose of frustrating the rights arising from the attachments. The second, the question of power of the

State of Maryland to authorize its courts to perform the duty thus cast upon them, would seem to be free from all possible doubt in view of the following facts, (a) that the coupon bonds were in the State deposited under the directions of the state court in the exercise of admittedly lawful powers, (b), that in that situation it was impossible to remove them from the State without obtaining the authority of the state courts, an authority which was unaffected by the fact that the bonds were registered, since they were so registered, solely because of the previous action of the state court, an action which the court of last resort of Maryland decided was no obstacle to the attachments of the bonds, since the effect of the state law empowering the attachments was to impose upon the court the duty of seeing to it that this registry should be removed to the extent necessary to protect the rights of attaching creditors. And the force of these suggestions is illustrated by bearing in mind that the denial of all judicial power by the State over the bonds by way of attachment is asserted by the appellant in a proceeding in which he is the actor invoking the exertion of the state judicial power for the purpose of enabling him to obtain possession of the bonds and do away with the effect of the previous state decree concerning the deposit and registry of the same.

*Dismissed for want of jurisdiction.*