## KITHCART v. METROPOLITAN LIFE INS. CO.

### No. 11880.

Circuit Court of Appeals, Eighth Circuit.

April 30, 1941.

Rehearing Denied Aug. 4, 1941.

T. D. Judy, of Kansas City, Mo., for appellant.

Henry I. Eager, of Kansas City, Mo. (William C. Michaels, of Kansas City, Mo., Harry Cole Bates, of New York City, and Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

PER CURIAM.

This was a suit in equity brought by appellant as plaintiff to set aside a judgment entered in the United States District Court for the Western District of Missouri on the 18th of May, 1933, in an action at law wherein the appellant here was plaintiff and the appellee was defendant. That action was one at law brought to recover on a policy of accident insurance issued by appellee. The action was tried to the court and a jury, resulting in a verdict in favor of the defendant and against the plaintiff, upon which verdict judgment was duly entered from which no appeal was ever taken. The parties will be referred to as they appeared below.

Two years later, plaintiff brought suit in equity to set aside the judgment obtained by defendant in the action at law, upon the ground of fraud. Defendant moved to dismiss the complaint upon the ground that the matters alleged in the bill of complaint

were insufficient in fact and in law to constitute a valid suit in equity against the defendant or to entitle plaintiff to the relief demanded. The motion was sustained and thereafter, no request for leave to amend having been made, the bill was dismissed. Defendant appealed to this court from the judgment of dismissal and we affirmed. Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 88 F.2d 407. In 1938, plaintiff filed two additional suits against defendant and three individuals named as its agents, in the state court to set aside the same judgment and for further relief. These were removed to the Federal court, where they were later voluntarily dismissed. The present suit in equity was filed April 18, 1940, again seeking to set aside the original judgment of May 18, 1933. Pleadings in all the previous suits are made part of the present bill of complaint by reference or otherwise. Defendant filed motion to dismiss on the grounds (1) that the complaint failed to state any claim upon which relief could be granted, and (2) that the alleged issues now raised had been adjudicated both by the District Court and by the Circuit Court of Appeals. This motion was sustained and no request for leave to amend having been made, judgment was entered dismissing the suit and this appeal followed.

The complaint, with the exhibits attached is very voluminous, comprising some thirty pages of the printed transcript of the record. In sustaining the motion to dismiss, Judge Otis filed a memorandum opinion, in which he said:

"The plaintiff long ago brought suit in this court against defendant on a policy of accident insurance. The case was tried to a jury in May, 1933. There was a verdict for defendant.

"The plaintiff thereafter brought suit in equity to set aside the judgment obtained by defendant in the suit at law. A motion to dismiss the bill was sustained. Judgment of dismissal was affirmed. [8 Cir.] 88 F.2d 407.

"The plaintiff now brings this suit in equity (two other similar suits having been voluntarily dismissed in the interim) to set aside the same judgment and for further relief. A motion to Dismiss has been filed, argued and submitted and is the matter now for decision.

"With all due respect for the author of the present 'Petition in Equity,' the petition almost is incomprehensible. Its volume and complexity violate every rule of good pleading. I have been compelled to devote hours to an attempt to analyze it. The most I can make out of it is that plaintiff alleges the following:

"(1) The judgment for defendant in May 1933 was obtained through defendant's fraud. (2) The fraud was a defense (that dementia praecox, rather than accident, was the partial or sole cause of plaintiff's disability) which defendant, in instruments executed before the contract sued on, had agreed would not be asserted. (3) The defendant, at the time of the trial, had these instruments and concealed them. (4) Not until February 1937 did plaintiff discover that defendant had and was concealing the instruments referred to.

"1. By specific reference in plaintiff's petition here the pleadings and proceedings in the original law suit are incorporated in the petition. Judicial notice would be taken of them in any event. [8 Cir.], 88 F.2d 407, 411. It clearly appears from these pleadings and proceedings that no such evidence as that said to have been fraudulently concealed would have been relevant to the issues made in the law suit. Plaintiff sued upon the policy only and could not have introduced the so-called 'instruments' in evidence in his case in chief. If the defendant introduced proof showing plaintiff was afflicted with dementia praecox for its bearing on the question whether his injury exclusively was caused by accident the 'instruments' described, if they had been produced, would not have been competent evidence in rebuttal.

"2. Nothing appears in the allegations of the petition nor in the facts of which judicial notice may be taken to indicate what finding of fact resulted in the general verdict for the defendant in the law suit. There is nothing alleged to support a conclusion that any different judgment would ensue if the judgment in the law suit were set aside and the suit against the defendant on the policy tried anew. But such a showing is a sine qua non of an equitable proceeding like the present one.

"3. There is no real difference between this suit in equity and the first suit in equity in which the defendant had judgment. Every issue raised is res judicata.

"There ought some time to be an end to litigation. That time has been reached so far as this case is concerned."

We approve and adopt this opinion as part of our opinion.

■ We are of the view that the complaint does not state facts entitling plaintiff to relief demanded. The case is ruled by Kithcart v. Metropolitan Life Insurance Company, 8 Cir., 88 F.2d 407. See, also, Obear-Nester Glass Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31; Continental Natl. Bank v. Holland Banking Co., 8 Cir., 66 F.2d 823; Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947; Reed v. Fairmont Creamery Co., 8 Cir., 37 F.2d 332; Atchison, T. & S. F. R. Co. v. U. S., ex rel., 8 Cir., 106 F.2d 899; Northern P. R. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738; Mattero v. Central Life Ins. Co., 202 Mo.App. 293, 215 S.W. 750; Craig v. Metropolitan Life Ins. Co., 220 Mo. 913, 296 S. W. 209. The allegations of the complaint would not even have been sufficient as a showing in support of a motion for new trial on the ground of newly discovered evidence. As said by us in Johnson v. United States, 8 Cir., 32 F.2d 127, 130: "There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

■■ All the issues sought to be raised have been judicially determined adversely to the plaintiff in Kithcart v. Metropolitan Life Insurance Co., supra. Plaintiff does not plead any new cause of action, but at most he seeks to base his action upon some additional grounds. But a plaintiff can not be permitted to prosecute a cause of action by piecemeal. A judgment upon the merits in one suit is res judicata in another where the parties and the subject matter are the same, and the judgment is binding not only as to matters actually presented to sustain the plaintiff's cause of action, but also as to any other available matters which might have been presented. Kithcart v. Metropolitan Life Ins. Co., supra; Edwards v. Terminal Shares, 8 Cir., 109 F.2d 974; Engebretson v. West, 8 Cir., 111 F.2d 528; Continental Natl. Bank v. Holland Banking Co., supra; Northern P. R. Co. v. Slaght, supra. We reiterate what has often been declared by courts of equity, that "public policy and the interest of litigants require that there be an end to litigation." A judgment entered in a court having jurisdiction of both the parties and the subject matter, from which no appeal has been taken, ordinarily marks the end of the matter in controversy. If an appeal has been taken and the judgment appealed from has been affirmed, that too should mark the end of the litigation.

■ There has been a change in the personnel of plaintiff's counsel since suit to set aside the judgment entered in the action at law was first brought, but that is not sufficient ground for bringing this second suit on the same cause of action.

Being of the view that the suit is not warranted and that it is wholly without merit, the judgment appealed from is affirmed.