**CLAY v. CALLAWAY.**

No. 12508.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1949.

742

Thomas W. Johnson, Macon, Ga., W. A. Bootle, Macon, Ga., for appellant.

A. R. Lawton, Jr., Savannah, Ga., for appellee.

Before HUTCHESON, HOLMES and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant Clay sued in the district court alleging that he was employed by appellee as a locomotive fireman orally, but with reference to an agreement with the Brotherhood of Locomotive Firemen which provided that no engineman should be demoted, suspended, or discharged from the service of the Company without a fair and impartial investigation to take place before the Trainmaster and Master Mechanic or their representatives. Further allegations were that Clay was dismissed on Aug. 8, 1943, but reinstated by the Superintendent Dec. 17, 1943, with full seniority rights and a clear record and on his agreement that no claim would be made for any lost time. After that date he was ready and willing to work but was not called on to work. On May 3, 1944, he was summoned by the Superintendent to another investigation on charges preferred by certain engineers at a date previous to the reinstatement on Dec. 17, 1943, and after a hearing was dismissed again on May 29, 1944, and has not since been allowed to work. It is alleged this hearing was not fair and impartial but a farce; that the charges on which it was based were closed by his reinstatement agreement of Dec. 17, 1943, and the railroad was estopped to revive them. A loss of $8.00 per day wages since June 1, 1944, is claimed, besides old age pension, disability insurance benefits and other privileges which cannot be measured in dollars. The prayers are for specific performance of the employment contract, reinstatement, and displacement of any person working his job, and judgment for said lost wages. The answer denied any right to specific performance, admitted the contract of employment and the first discharge and reinstatement, and the second investigation, but denied that the engineers' charges had been closed by the reinstatement, though in the railroad's possession prior thereto, and denied all unfairness in the hearing, admitting the second discharge. There were thus issues for trial.

A pretrial conference was had Sept. 4, 1947, in which the judge was asked to settle whether specific performance and reinstatement and displacement of other persons could be decreed. The judge held these prayers could not be granted and so ordered. On April 1, 1948, counsel again appeared before the judge for a conference. The judge, over the protest of plaintiff's counsel considered a stenographic report of the second investigation and made a lengthy fact finding about it, concluding that the trial was not unfair, and ordered the petition dismissed. These two judgments are appealed from.

The first above stated judgment was correct, no facts being involved. The contract of employment did not bind Clay to work for any period of time. He could quit at will. The contract not being mutual, specific performance would not be decreed. Louisville & N. R. Co. v. Wells, 289 Ky. 700, 160 S.W.2d 16; Louisville & N. R. Co. v. Bryant, 263 Ky. 578, 92 S.W. 2d 749; Marble Co. v. Ripley, 10 Wall. 339, 19 L.Ed. 955. See also Karrick v. Hannaman, 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484, 49 Am.Jur., Specific Performance, Sec. 34.

The second judgment was premature. The judge states that the meeting was only a conference, not a trial. The scope of a pretrial conference is stated in Federal Rule of Civil Procedure 16, 28 U. S.C.A., and does not include the making of a final judgment. He states that defendant's counsel produced the stenographic report of the investigation which it had been agreed might be used as evidence at the trial without proof of its authenticity, and he asked the judge to determine whether the trial was fair at once. Counsel for plaintiff opposed, claiming his right to trial in open court. The judge says there was no demand for a jury trial on file, but he understood plaintiff's counsel intended to ask for one. The case had become purely a law case for damages, and a jury trial, though not timely demanded could be ordered by the court on motion. Rule 39 (b). The judge says, "In spite of the protest of counsel for the plaintiff I have considered the stenographic record * * * to determine whether the charges of an unfair trial set out in the petition are sustained thereby", and he concluded against the plaintiff. This procedure was unauthorized. The result might be upheld if it clearly appeared to us that there could be no other, but it does not. We have not this stenographic record in its entirety. Appellee has brought up under order of the court only pages 1 to 6, and pages 86 to 96, inclusive. We know not what the other pages contain, nor what outside evidence the plaintiff may be able to produce on a trial of the case. The judgment of dismissal must be

Reversed.