## ACKERMANN v. UNITED STATES.
### No. 12610.

United States Court of Appeals
Fifth Circuit.
Dec. 29, 1949.

984

E. M. Grimes, Taylor, Tex., for appellant.

Henry W. Moursund, U. S. Atty., San Antonio, Tex., Joel W. Westbrook, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The facts of this case do not bring it within the decision of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, and the trial Court did not hold that the grounds stated in the motion were not sufficient to invoke the authority of the Court. As to this, the order of the Court recites that the Court, having considered the motion, "is of the opinion that there is no merit to said motion and that the same should be denied."

The fundamental difference between the Klapprott case and the present is that the rulings there made are predicated upon a state of facts entirely dissimilar in substance and legal effect to those here presented. While it was there necessary for the Court to discuss the effect and application of Rule 60 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., what appears to have been controlling was that there had in fact been no real trial, and a judgment of denaturalization was entered by default at a time when the defendant was not only incarcerated, but immediately concerned with his defense against two criminal prosecutions instituted by the Government for matters not connected with the denaturalization proceeding. However, in the present case, the only detention of the movant arose directly from, and as the result of, the denaturalization proceeding now challenged. There was no prosecution for crime to distract his attention, and he was fairly faced with the question of whether he would proceed in the manner provided by law to correct the finding annulling his American citizenship. Indeed this was the only real question which confronted him. But this is not all. The movant here was not only represented by counsel, but employed counsel of his own selection, and who in fact now represents him in the prosecution of this appeal. He can not complain that his detention in itself prevented him from proceeding for the good reason, if no other, that it appears that he had in fact carried on habeas corpus proceedings seeking his release. Above all these differences, how-

ever, and a difference which renders patent the inapplicability of the Klapprott ruling, is the fact that in the present case there is no question raised of any inability of the movant to properly present his defense at the original trial, as was the case with Klapprott. On the contrary, in appellant's case, it is undisputed that there was a full, adversary, proceeding conducted in the same manner as is all such litigation in the Federal Courts, and upon the conclusion of which the finding was adverse to the movant. Thus in the present case the movant has already had the one trial which justice and due process were deemed to require under the circumstances of the Klapprott case. It is hardly necessary to labor the question that there is a vast difference between the principles properly to be applied to insure one fair trial (as in the Klapprott case), and the principles properly applicable to an instance as the present where there is no complaint that in the original, one fair trial,—actually had,— the movant was at any disadvantage, and the relief sought must therefore be, and is expressly, predicated upon reasons which it is claimed prevented an *appeal*. It is as to this question of appeal that the present motion relates. The ruling in the Klapprott case should not be extended to an appeal from what, even under the circumstances alleged, is only an erroneous judgment. The right of appeal from such a judgment is no part of due process. The right of a litigant to a trial in accordance with the forms of law, and with an opportunity to present his claim or defense, if he desires to do so, is a vital part of due process. A ruling applicable to the latter right is not authority for excusing the failure to take an appeal. There must be, and there is, some finality to judgments rendered after a full and fair hearing.

 So much for the inapplicability of the Klapprott ruling here. As has already been shown, the Court ruled upon the merits of the motion. The motion to be relieved from the final judgment sets forth fully the contentions of the movant, but they may be fairly summarized as presenting only the grounds that the evidence in the original trial was insufficient to support the judgment, and that this was established by the stipulation of the Government to this effect entered in the case of one Keilbar, tried at the same time and under the same evidence as was movant (Keilbar v. U. S., 5 Cir., 144 F.2d 866); that movant was prevented from appealing the adverse judgment by poverty and detention as an enemy alien, and by the advice of the Assistant Commissioner for Alien Control, Immigration and Naturalization Department, who advised him in substance to "hang on to their home" rather than expend it by appealing; and that he had by orders dated January 15, 1946 (final judgment cancelling the certificate of naturalization being December 7, 1943), been ordered deported by the Attorney General. It is asserted that the failure to appeal from the judgment is excusable for these reasons and that "it is inequitable and unjust that the judgment herein should have prospective application."

 The trial Judge was correct in his holding that none, or all, of these grounds presented any merit. Some question may arise as to the pleaded contention that the evidence in the case of movant was the same as that in the case of his, in effect, codefendant, as to whom the Government conceded there was insufficient evidence to support the judgment cancelling the certificate of naturalization. However, on the ground of the sufficiency of the evidence, there is no ambiguity as to what the movant pleaded and proposed to prove, and it is expressly averred, that this question was proposed to be substantiated "by producing at the hearing on this motion all material evidence adduced at the trial of this case [the original trial] and cited pertinent authorities * * * and * * * that if he had appealed from said judgment it would have been reversed with instructions to dismiss the complaint on its merits," as was the other proceeding referred to. In view of this statement, the stipulation in this record that upon the hearing of the motion no evidence was introduced but that "on his own volition, the Court read evidence in the transcript of the record in the above mentioned

Keilbar case which contains all the evidence in these cases and copies of which are on file in the Keilbar appeal, No. 11,140, Circuit Court of Appeals, Fifth Circuit," carries great significance. This is the record upon which the movant proposed to establish the insufficiency of the evidence to support the judgment against him. The memorandum and findings of the trial Court in the original proceeding are set forth in U. S. v. Ackermann, D.C., 53 F.Supp. 611, and from this it appears that the evidence in this case as to the acts of the present movant was different from that as applicable to Keilbar, and especially as to acts and conduct during the critical period of the five years following the declaration of intention to become a citizen, which is of course of primary concern. Furthermore, with the issue thus tendered as to the validity of the judgment to be determined solely upon the evidence originally presented, the trial Court must be held to have knowledge of such proceeding.[1] In addition, it is stipulated that he had actual knowledge thereof. Having such knowledge, there was no need under the circumstances here for any further hearing to determine the merits of this contention. The issue from that point on was one of law, and the trial Court rightfully held that the grounds asserted by the movant, when presented more than four years after the date of the judgment, afforded no valid basis for vacating or modifying the same. Though we sincerely sympathize with those whose poverty may induce them to abandon the taking of an appeal, this in and of itself has never been considered to afford ground for setting aside a judgment. Nor does advice from one having no responsibility in the conduct of litigation, to the effect that it would be best not to sacrifice what property one had to carry on an appeal, vitalize the insufficiency of poverty as a legal reason to set aside a judgment from which no appeal was had. Nor does the fact that the movant was in detention as an alien enemy, offer valid excuse since, as here, his motion shows that he was able to, and did, conduct, while detained, other litigation. Certainly the allegation that the Court of Appeals would have reversed the judgment if appealed, presents no ground for relief, and indeed the trial Court can not very well be required to exercise such power of determination of what the Appellate Court would have adjudged. The ruling announced in United States v. Kunz, 2 Cir., 163 F.2d 344, 346, is even more applicable here, where, as stated, appellant was represented by employed counsel. It was there said: "The real complaint of Kunz, * * * is that he might have secured a reversal of the decree of denaturalization if he had taken an appeal. He was in custody while his time to appeal was running and he says that rendered appealing impracticable. But he could have had a lawyer assigned to prosecute his appeal if he could not have obtained one himself. * * * The fact probably is that neither he nor his Bund associates set much value on American citizenship until the war was over, Germany ceased to be a good place to live in, and they were held for deportation. * * * After Kunz was subject to a decree of denaturalization he took no appeal. He cannot now employ a bill of review as a substitute for an appeal even on the ground that the Supreme Court in the Baumgartner case [Baumgartner U.S., 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525] had changed what was supposed to be the law. As that Court said, per Pitney, J., in Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475, 'a change in the authoritative rule of law, resulting from a decision by this court announced subsequent to the former decree, neither demonstrates an "error of law" apparent upon the face of that decree nor constitutes new matter in pais justifying a review.' See also Scotten v. Littlefield, 235 U.S. 407, 411, 35 S.Ct. 125, 59 L.Ed. 289.

---

1. Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; and citations; De Bearn v. Safe Deposit & Trust Co., 233 U.S. 24, 34 S.Ct. 584, 58 L.Ed. 833; Nahtel Corp. v. West Virginia Pulp & Paper Co., 2 Cir., 141 F.2d 1; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 119 F.2d 497; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 88 F.2d 407.

In Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, an attempt was made to use a writ of habeas corpus as a substitute for an appeal. In that situation Mr. Justice Douglas expressed the same view we are taking as to the use of a bill of review. His words seem most pertinent and were as follows: 'If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court.' "

The appellant fails to show any error in the judgment of the trial Court, and that judgment is

Affirmed.

HUTCHESON, Circuit Judge (dissenting).

Upon the authority of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, I think the trial court erred in holding that the motion of appellant did not state sufficient grounds to invoke the authority of the court to set aside the judgment, and that the judgment appealed from should be reversed and the cause remanded to the district court for a hearing on the merits of appellant's motion to be relieved from the final judgment of denaturalization against him.

Rule 60(b) of the Federal Rules of Civil Procedure provides that, on motion and upon such terms as may be just, the court may relieve a party from a final judgment, order, or proceeding, for a number of specified reasons, and then adds: "or (6) any other reason justifying relief from the operation of the judgment." The Klapprott case, supra, had not been decided at the time the court below entered its judgment in this case. According to the majority opinion in that court, this provision of the rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." 335 U.S. page 615, 69 S.Ct. page 390.

I am not here indicating how I think the district judge should rule when the merits of the matter are before him for decision. I am stating merely that we should send the case back because the lower court, not having the benefit of the Klapprott case, held that the "grounds stated in the motion were not sufficient to invoke the authority of the court." I think the undenied facts stated in the motion called for the equitable consideration by the trial court of the matters presented therein.

I think the opinion of the majority misconceives the situation or denies the right to a hearing on the motion when it accords to the action of the district judge in "on his own volition"—reading the "evidence in the transcript" in the Keilbar case, the effect of granting petitioner's hearing on his motion. Cf. the opinion of this court, Clay v. Callaway, Trustee, 5 Cir., 177 F.2d 741.

I dissent.