## KITHCART v. METROPOLITAN LIFE INS. CO.

### No. 1774.

District Court, W. D. Missouri, W. D.

May 9, 1944.

M. J. O'Donnell, of Kansas City, Mo., for plaintiff.

Michaels, Blarkmar, Newkirk, Eager & Swanson, by Henry Eager, all of Kansas City, Mo., for defendant.

OTIS, District Judge.

Plaintiff's plea to the jurisdiction is almost as startling as would be a motion to dismiss the decalogue. Plaintiff and defendant are residents of different states. The amount involved in the controversy exceeds $3000. The federal statute, 28 U.S.C.A. § 71, expressly provides for the removal of such a suit as this. But, says plaintiff, the statute is unconstitutional. It violates, he says, Amendments 9, 10 and Section 1 of 14.

The statute plainly is authorized by Section 2 of Article III of the Constitution. It has been so held by the Supreme Court (as to diversity of citizenship cases) at least since the decision of Home Life Insurance Company v. Dunn, 19 Wall. 214, 22 L.Ed. 68, a case decided in the October 1873 Term of the Supreme Court. That decision was bottomed on principles declared in Martin v. Hunter's Lessee, 1 Wheat. 304, 333, 4 L.Ed. 97. Since 1873 no doubt concerning the validity of the removal statute as to diversity of citizenship cases has been expressed by the Supreme Court or by any federal court. While learned counsel for plaintiff has suggested in argument that the decisions of the Supreme Court no longer are to be regarded as declaring the law of the land (his observation, of course, is attributable to the disregard which the Supreme Court itself recently has shown for its earlier decisions), he can scarcely expect an inferior federal court to overturn the Supreme Court's decisions. Moreover, it is very unlikely that any member of the bar for three-quarters of a century had questioned the validity of the removal statute until it was questioned by learned counsel in this case. We have found no instance of any such challenge. The concurrence of the bar in any interpretation of the Constitution and laws for a long period of time is the strongest sort of argument that that interpretation is right.

If the statute is authorized by Section 2 of Article III, as it is authorized, and as the Supreme Court has held, then the amendments mentioned by plaintiff's counsel have no more relevancy to the validity of the statute than do Aesop's Fables.

The plea to the jurisdiction is overruled. So ordered.