## KITHCART v. METROPOLITAN LIFE INS. CO.

### No. 1774.

District Court, W. D. Missouri, W. D.

June 9, 1944.

M. J. O'Donnell, of Kansas City, Mo., for plaintiff.

Henry I. Eager and Michaels, Blackmar, Newkirk, Eager & Swanson, all of Kansas City, Mo., for defendant.

OTIS, District Judge.

This venerable controversy haunts us like a ghost which cannot be laid. Once our colleague put an end to it. 55 F.Supp. 200. Twice we buried it. Twice the Court of Appeals not only refused to resurrect it (8 Cir., 88 F.2d 407; 8 Cir., 119 F.2d 497), but almost spat on the grave. Here it comes again!

1. The controversy (should we say, the spectre?) comes to us now, having been removed from a state court, in the form of an amended petition. Defendant has moved to dismiss. Three grounds are set out in the motion. The first is that no facts are stated in the complaint supporting the relief prayed.

The complaint fills twenty-nine typewritten pages, exclusive of exhibits. (It would be difficult to depart further from the ideal described in Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c). It contains so many unnecessary words that search for its essence is made difficult. That search is aided, however, by the key the learned draughtsman has given us in the title set at the head of the complaint: "Petition for Reformation of Insurance Contract." We would expect to find allegations of fact indicating that one contract actually had been agreed upon but that the contract sought to be reformed, a different contract, through accident or mistake or fraud, had been formally entered into.

Both the contract alleged to have been agreed upon and that sought to be reformed are contracts of accident insurance. Plaintiff claims he sustained an accident compensable under the contract. He alleges, however, that an essential provision of the contract actually agreed upon was that plaintiff was sound in mind and body when the contract was entered into. That provision of the contract, it is alleged, was embodied in certain documents attached to the application. The contract sought to be reformed, it is alleged, does not contain the provision referred to. Upon the true contract and the facts, it is

alleged, plaintiff should recover damages from defendant.

■ We have read the amended petition over and over again. It has been a baffling task. How so good a lawyer as plaintiff's counsel is known to be—he is a leading and distinguished member of the bar—could bring himself to conceal so small a needle in so large a haystack is hard to explain. We feel that we cannot say, however, that no cause of action for reformation can be pieced out of the interminable verbiage of this amended petition.

■ 2. We shall sustain the motion to dismiss on the second ground set out in the motion, that the amended petition shows on its face, when supplemented by facts of which judicial knowledge is taken, that the controversy presented is res adjudicata.

The amended petition shows that the plaintiff has sued defendant repeatedly on essentially the same cause of action. The records and files of the court show it. A suit at law on the contract of insurance resulted in a verdict and judgment for the defendant from which there was no appeal. In that suit plaintiff set up or should have set up whatever contract he had with defendant. The judgment in that suit determined every issue which was made by the pleadings or might have been made. Besides the suit at law there have been two suits in equity which have gone to judgment and have been affirmed. 8 Cir., 88 F.2d 407; 8 Cir., 119 F.2d 497. Several other suits have been instituted and dismissed. It is difficult to avoid thinking that the plaintiff individually (not his learned and highly esteemed counsel) has set out to harass both the defendant and the courts. We have, however, put that thought from our mind.

Motion to dismiss sustained. So ordered.