# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2019, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason R. Delk
Daniel J. Gibson
Delk McNally LLP
Muncie, Indiana

ATTORNEYS FOR APPELLEE HORIZON BANK, N.A.

Elizabeth Flynn
Craig V. Braje
Braje, Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE CHICAGO TITLE INSURANCE COMPANY

Tammy L. Ortman
Jennifer S. Ortman
Lewis & Kappes, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas J. Moss, | February 19, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-PL-1526 |
| *v.* | Appeal from the LaPorte Superior Court |
| Horizon Bank, N.A., and Chicago Title Insurance Company, | The Hon. Richard R. Stalbrink, Jr., Judge |
| | Trial Court Cause No. 46D02-1710-PL-1843 |

*Appellees-Defendants.*

**Bradford, Judge.**

# Case Summary

Thomas Moss is a beneficiary of two land trusts, one of which, Trust 08-1292, sold land to the other, Trust 08-3923, in 2005. Trust 08-1292, and Moss individually as a beneficiary of it, were to be paid over time and were each granted a mortgage by Trust 08-3923. In 2012, Moss became aware that the mortgages had apparently never been recorded, potentially leaving him and Trust 08-1292 as unsecured creditors to Trust 08-3923. In July of 2012, Trust 08-3923 filed for bankruptcy and indeed attempted to avoid the mortgages.

In 2013, Moss sued Chicago Title Insurance Company and Horizon Bank, N.A. (collectively, "the Defendants"), in LaPorte Superior Court for, *inter alia*, their alleged failure to ensure that the mortgages were recorded ("the 2013 Lawsuit"). In 2015, the parties stipulated that the lawsuit be dismissed with prejudice, with Moss reserving only the right to pursue claims against the Defendants in Trust 08-3923's bankruptcy proceeding. In 2017, when Moss sued the Defendants again in LaPorte Superior Court ("the 2017 Lawsuit"), Chicago Title moved to dismiss on res judicata grounds, which motion the trial court granted. Moss contends that the trial court improperly failed to convert Chicago Title's motion to dismiss to a summary-judgment motion and erred in

concluding that the dismissal of the 2013 Lawsuit was res judicata as to the 2017 Lawsuit. Because we disagree with both contentions, we affirm.

## Facts and Procedural History

[3] In 1980, Moss and a number of other investors, using a land trust designated Trust 08-1292, purchased a parcel of land in LaPorte County that became known as "Dune Top." Through a merger, Horizon became trustee of Trust 08-1292. In 2005, three beneficiaries of Trust 08-1292 requested a sale of Dune Top. Beachwalk LP, the founder and developer of the Beachwalk development and of which Moss was the general partner, agreed to purchase Dune Top, with title to be held by another land trust, Trust 08-3923, of which Horizon also eventually became trustee. Beachwalk agreed to pay $1,500,000 for Dune Top, paying $90,000 for each of six investor shares (a total of $540,000) while paying the balance over time and executing a promissory note and mortgage ("the Trust Mortgage") in favor of Trust 08-1292. Because Beachwalk did not have enough ready cash to cover the $540,000 payment, it was agreed that it would pay the $270,000 owed to Moss over time pursuant to a promissory note secured by a mortgage executed in favor of Moss ("the Moss Mortgage"). Closing on the sale of Dune Top from Trust 08-1292 to Trust 08-3923 occurred on or about July 28, 2005, at Ticor Title Insurance Company, Chicago Title's predecessor-in-interest.

[4] In April of 2012, while Moss was attempting to assemble documents related to Beachwalk's then-dire financial condition, he discovered that the Trust and Moss Mortgages (collectively, "the Mortgages") had not been recorded in 2005.

On July 18, 2012, Beachwalk filed for Chapter 11 bankruptcy and initiated an adversary proceeding to avoid the unrecorded Mortgages.

[5] Moss filed the 2013 Lawsuit on November 1, 2013, in LaPorte Superior Court 1. Specifically, Moss alleged breach of contract by Ticor for failure to properly record the Mortgages and secure title insurance, professional negligence by Ticor, breach of Horizon's fiduciary duty to ensure that the Mortgages were properly recorded, and improper disbursement of the assets of Trust 08-3923 by Horizon. On February 19, 2014, the trial court granted Chicago Title's motion to dismiss with prejudice. Moss filed a motion to reconsider, and that motion, along with other pending motions, were set for hearing on December 18, 2014.

[6] On the date of the hearing, all parties agreed to dismiss the 2013 Lawsuit with prejudice. The parties filed a stipulation for dismissal on January 5, 2015, and an order for dismissal with prejudice ("the Order") was entered that day:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that all remaining claims between and among Thomas J. Moss, Horizon Bank, N.A., a/k/a Horizon Bancorp, individually and as Trustee of Trust Number 08-1292 and Chicago Title Insurance Company, as successor by merger to Ticor Title Insurance company, are hereby dismissed with prejudice excepting only [Moss]'s opportunity to file claims in the pending bankruptcy case of Debtor, Moss Family Limited Partnership, *et al*[.], Case No. 12-32540-hcd.

Appellant's App. Vol. II pp. 48–49. Meanwhile, on January 2, 2015, Moss had filed claims in bankruptcy court against the Defendants ("the Bankruptcy Lawsuit"). Horizon Bank moved to dismiss the Bankruptcy Lawsuit, which motion was granted on June 16, 2016. Moss did not appeal this dismissal.

[7] On October 31, 2017, Moss filed a new complaint against the Defendants ("the 2017 Lawsuit") in LaPorte Superior Court 2, alleging that Horizon breached the terms of Trust 08-3923 and committed constructive Fraud by transferring the trust's assets to Moss without authorization. Moss also alleged that Ticor breached its contractual obligations by failing to issue a title insurance policy and record the Mortgages and committed constructive fraud by falsely representing that it had secured title insurance. At the same time, Moss moved for relief from the Order in LaPorte Superior Court 1.

[8] On January 21, 2018, Horizon moved to dismiss the 2017 Lawsuit pursuant to Indiana Trial Rule 12(B)(8), arguing that the same case was pending in another court, namely LaPorte Superior Court 1. On February 14, 2018, Chicago Title moved to dismiss the 2017 Lawsuit pursuant to Trial Rule 12(B)(6), arguing res judicata. Chicago Title's motion was accompanied by four exhibits, including the Order. On May 31, 2018, the trial court denied Horizon's motion to dismiss, granted Chicago Title's, and ultimately granted dismissal, with prejudice, as to both Defendants.

# Discussion and Decision

[9] Moss contends that the trial court erred in (1) considering extraneous material attached to Chicago Title's motion to dismiss without converting it to a summary-judgment motion and in (2) concluding that Moss's claims in the 2017 Lawsuit are barred by res judicata.

# I. Conversion to Summary-Judgment Motion

[10] Chicago Title made, and the trial court granted, a motion pursuant to Trial Rule 12(B)(6), which allows for dismissal for "[f]ailure to state a claim upon which relief can be granted[.]" If, while making a 12(B)(6) motion,

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Ind. Trial Rule 12(B). Moss contends that the trial court erroneously failed to convert Chicago Title's motion to dismiss into a summary-judgment motion and also failed to give him a reasonable opportunity to present material in opposition. It is true that we have held that a trial court's failure to provide explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error if a reasonable opportunity to respond is not afforded and the party is prejudiced. *Lanni v. Nat'l Collegiate Athletic Ass'n*, 989 N.E.2d 791, 795 (Ind. Ct. App. 2013).

[11] In this case, however, Chicago Title argues—and we agree—that the trial court was not required to convert its motion to dismiss into a summary-judgment motion. In Indiana, materials of which a trial court may take judicial notice (such as the court records from the 2013 Lawsuit) are not considered "matters outside the pleading." In *Davis ex relatione Davis v. Ford Motor Co.*, 747 N.E.2d 1146 (Ind. Ct. App. 2001), *trans. denied*, we stated that when evaluating a 12(B)(6) motion to dismiss, "the court may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted,

*supplemented by any facts of which the court will take judicial notice.*" *Id*. at 1149 (emphasis added) (citing *Anderson v. Anderson*, 399 N.E.2d 391, 406 (Ind. Ct. App. 1979)).[1] We conclude that because the extraneous matters on which the trial court relied were matters of which it could take judicial notice,[2] it was not required to convert Chicago Title's action to a summary-judgment motion.

## II. Res Judicata

[12] Defendants contend that the 2017 Lawsuit is barred by res judicata, specifically by the dismissal of the 2013 Lawsuit with prejudice. It is well-settled that a dismissal with prejudice is a dismissal on the merits and is conclusive of the

---

[1] The *Anderson* court relied on *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551 (2nd Cir. 1977). *Frey Ready-Mixed Concrete*, however, does not even mention judicial notice, much less explicitly state that consideration of judicially-noticed facts is proper in a motion-to-dismiss context. Wherever the *Anderson* court found their support, our research has revealed a wealth of authority—in the federal courts, at least—for the proposition, dating at least as far back as 1944, in another case where a motion to dismiss which included judicially-noticeable material was premised upon res judicata. The District Court for the Western District of Missouri set the scene in this way: "This venerable controversy haunts us like a ghost which cannot be laid. Once our colleague put an end to it. Twice we buried it. Twice the Court of Appeals not only refused to resurrect it, but almost spat on the grave. Here it comes again!" *Kithcart v. Metro. Life Ins. Co.*, 62 F. Supp. 93, 93 (W.D. Mo. 1944). The court dismissed Kithcart's action on the basis that "the amended petition shows on its face, *when supplemented by facts of which judicial knowledge is taken*, that the controversy presented is res adjudicata." *Id.* at 94 (emphasis added); *see also, e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[W]e recently held that '[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment.") (citation omitted); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.") (citations omitted); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196–97 (3rd Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint […] and matters of public record."); *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to the facts stated on the face of the complaint […] and to matters of which judicial notice may be taken.") (citation omitted).

[2] Pursuant to Indiana Rule of Evidence 201(b)(5), "[a] court may judicially notice [….] records of a court of this state[,]" which includes the "Order for Dismissal with Prejudice" issued by LaPorte Superior Court 1 on January 5, 2015. While the record does not seem to contain any explicit statement that the trial court took judicial notice of the exhibits attached to Chicago Title's 12(B)(6) motion, it seems clear that this essentially occurred. In any event, Moss does not claim that the attachments should not have been and/or were not judicially noticed, only that they qualify as extraneous.

rights of the parties and res judicata as to the questions which might have been litigated. *Fox v. Nichter Const. Co.*, 978 N.E.2d 1171, 1180 (Ind. Ct. App. 2012), *trans. denied*.

[13] Moss does not deny that the claims in the 2017 Lawsuit are essentially the same as he pursued in 2013, arguing only that the dismissal of the 2013 Lawsuit does not bar the 2017 Lawsuit because the Order reserved him the right to pursue claims against the Defendants in bankruptcy court. As mentioned, the Order applied to all claims between the parties subject to it "excepting only [Moss]'s opportunity to file claims in the pending bankruptcy case of Debtor, Moss Family Limited Partnership, *et al*[.], Case No. 12-32540-hcd." Appellant's App. Vol. II p. 49.

> When interpreting an agreed entry, we will recognize that such agreements are contractual in nature and binding on the parties. *Singh v. Singh*, 844 N.E.2d 516, 524 (Ind. Ct. App. 2006)(interpreting the effect of an agreed entry in the context of a dissolution of marriage settlement agreement); *Battershell v. Prestwick Sales, Inc.*, 585 N.E.2d 1, 4 (Ind. Ct. App. 1992), *trans. denied*. The interpretation or legal effect of a contract is a question of law to be determined by the court. *Battershell*, 585 N.E.2d. at 4– 5. [T]he interpretation of a contract is controlled by the intent of the parties as expressed by the clear language of the contract. [*Delgado v. Boyles*, 922 N.E.2d 1267, 1270 (Ind. Ct. App. 2010), *trans. denied*.] Clear, plain, and unambiguous contract terms are conclusive of the parties' intent, and a court will not construe the contract or consider extrinsic evidence, but will merely apply the contractual provisions as they are written. [*Fid. Nat. Title Ins. Co. v. Mussman*, 930 N.E.2d 1160, 1165 (Ind. Ct. App. 2010), *trans. denied*].

*City of Jeffersonville v. Envtl. Mgmt. Corp.*, 954 N.E.2d 1000, 1011–12 (Ind. Ct. App. 2011).

[14] We find it difficult to imagine that the reservation of rights in the Order could be any more clear that Moss's right to pursue claims against the Defendants is limited to one specific case in bankruptcy court. The Order explicitly provides that the reservation "only" applies to a particular bankruptcy case, language that, in our view, definitively forecloses future litigation on these claims in other forums or cases. Moss, no doubt recognizing that the reservation of rights is limited by its plain terms to bankruptcy Case No. 12-32540-hcd, urges us to infer that the reservation also covered possible future litigation in state court in the event the claims were not fully adjudicated in bankruptcy court.[3] This interpretation of the reservation language is untenable, however, as it would require us to ignore the parties' and LaPorte Superior Court 1's use of language limiting Moss's right to pursue claims to one case in bankruptcy court. If the parties had intended to reserve Moss's right to further pursue his claims in state court under any circumstances, language to that effect could easily have been used. Because such language was not used, the trial court correctly concluded

---

[3] Moss relies on the Alaska case of *DeNardo v. Calista Corp.*, 111 P.3d 326 (Alaska 2005), in which a stipulation included language that it did "not affect plaintiff's claims against Calista Corporation and Alaska Newspapers, Inc. in … A00–309 Civ …., currently pending in the U.S. District Court for the District of Alaska." *Id.* at 332. The *DeNardo* court concluded that the stipulation language did not bar future proceedings in state court, as it referred to the *claims* pending in federal court being reserved, not the forum in which they were litigated. *Id.* at 333–34. Here, however, the reservation of rights preserved only Moss's right to bring whatever claims he might have in a particular case in a particular forum, not any particular claims.

that the Order is res judicata as to the 2017 Lawsuit. The trial court did not err in dismissing Moss's 2017 Lawsuit.

[15] The judgment of the trial court is affirmed.

Najam, J., and Altice, J., concur.