## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2020, 9:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

George Sistevaris
Law Office of George Sistevaris
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M. L. Jones
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michaela M. McKinney,
Individually and as Personal
Representative of the Estate of
Delilah M. McKinney,

*Appellants,*

v.

Indiana Department of
Child Services, et al.,

*Appellees*

June 26, 2020

Court of Appeals Case No.
19A-CT-2873

Appeal from the Allen Superior
Court

The Honorable Craig J. Bobay,
Judge

Trial Court Cause No.
02D02-1903-CT-177

**Baker, Judge.**

[1] Michaela McKinney (Mother) filed a complaint against the Department of Child Services (DCS) and individual DCS employees after her daughter, Delilah McKinney (Child), died while a ward of DCS. DCS filed a motion to dismiss the complaint, which the trial court converted into a summary judgment motion because DCS attached a court order as an exhibit. The trial court granted summary judgment in favor of DCS, and Mother now appeals, arguing that the trial court erred by treating the motion to dismiss as a summary judgment motion. Finding no reversible error, we affirm.

## Facts

[2] Mother adopted Child and raised her from infancy. Child was born with severe disabilities, lived at home with Mother, was bedridden, and required a nurse, who came to the home every day to help take care of her. In August 2016, Child developed an abrasion on her leg and the home nurse insisted that Child be brought to the emergency room for treatment. At some point, DCS became involved and filed a petition alleging Child to be a Child in Need of Services (CHINS).

[3] During the CHINS case, DCS recommended that Child stay in the care and custody of Mother, but the trial court disagreed. The trial court ordered Child removed from Mother and placed in a facility and specifically stated that Child could not be moved without another court order. Child remained in the facility for seven months; throughout that time, Mother was significantly concerned that Child was not receiving the medical care she needed in the facility. Mother

repeatedly raised her concerns with the Family Case Manager (FCM), but no changes were made. On March 28, 2017, Child died at the facility.

[4] On March 27, 2019, Mother filed a complaint against DCS, seeking damages under the child wrongful death statute, and against individual DCS employees under 42 U.S.C. section 1983. She later amended the complaint to add a negligence claim.

[5] On August 14, 2019, DCS moved to dismiss the complaint, attaching an order from Child's CHINS proceeding as an exhibit. On September 16, 2019, Mother responded to the motion to dismiss. The trial court held a hearing on October 9, 2019. At that hearing, the trial court noted that "it's hard for courts to take judicial notice of CHINS and juvenile proceedings" because they are sealed and on a different system from the rest of the courts in Indiana. Tr. Vol. I p. 13.

[6] On November 8, 2019, the trial court entered summary judgment in favor of DCS and the individual employees. The trial court noted that in its motion to dismiss, DCS relied substantially on the order from the CHINS case; as such, the trial court treated the motion as one for summary judgment. The trial court granted the motion, finding that DCS was entitled to quasi-judicial immunity, statutory immunity pursuant to Indiana Code section 31-25-2-2.5, and immunity under the Indiana Tort Claims Act, and that Mother failed to state a claim for relief against the individuals under section 1983 "because no personal involvement in the circumstances of the child's death have been pleaded." Appealed Order p. 7. Mother now appeals.

# Discussion and Decision

[7] Mother's only argument on appeal is that the trial court erred by treating DCS's motion to dismiss as a motion for summary judgment. Indiana Trial Rule 12(B) provides that if, on a motion to dismiss, matters outside the pleading are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment . . . [and] all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[8] Mother first argues that materials of which a trial court may take judicial notice, including court orders, are not considered matters outside the pleading requiring that it be treated as a summary judgment motion. *Moss v. Horizon Bank, N.A.*, 120 N.E.3d 560, 563 (Ind. Ct. App. 2019). Here, at the hearing, the trial court explained why it was unable to take judicial notice of the CHINS order, but we will assume solely for argument's sake that the trial court erred by declining to take judicial notice of the CHINS order.

[9] Mother maintains that she was not given notice that the trial court intended to treat DCS's motion as one for summary judgment and was not given a reasonable opportunity to respond. There are three factors used to determine whether a party has shown that they were denied a reasonable opportunity to respond. First, we look to whether "the movant's reliance on evidence outside the pleadings should have been so readily apparent that there is no question that the conversion is mandated by T.R. 12(B)." *Azhar v. Town of Fishers*, 744

N.E.2d 947, 950-51 (Ind. Ct. App. 2001). Second, we examine whether "there was ample time after the filing of the motion for the nonmovant to move to exclude the evidence relied upon" or to submit its own materials in response. *Id.* at 951. Third, we consider whether "the nonmovant presented substantiated argument setting forth how she would have submitted specific controverted material factual issues to the trial court if [she] had been given the opportunity." *Id.* (internal quotation marks omitted).

[10] As to the first factor, we agree with Mother that initially, it was not obvious that, by attaching a court order to the motion to dismiss, DCS intended to rely on evidence outside the pleadings. But the trial court noted at the hearing that it would be problematic for it to take judicial notice of a CHINS order, so at that point, Mother should have been on notice of the issue. She could have objected and sought to exclude the exhibit, clarified the situation, and/or asked for more time to submit her own evidence; she took none of these actions. This dovetails with the second factor, which examines whether there was ample time after the filing of the motion for Mother to have sought to exclude the evidence or submit her own materials. Because Mother did not take any of those aforementioned actions at the hearing, we have no way of knowing how the trial court would have responded to a motion to exclude the evidence or a request for more time to submit her own evidence.

[11] Mother has not attempted to address the third factor, which requires her to explain how she would have submitted specific controverted material factual issues to the trial court had she been given the opportunity. She has made no

attempt to argue with any specificity[1] what evidence she could have presented that would have created a genuine issue of material fact such that summary judgment would have been denied.

[12] Having reviewed the three factors, we can only find that Mother has not met her burden of showing that she was denied a reasonable opportunity to respond to DCS's motion as one for summary judgment. As a result, any error that the trial court may have made in converting the motion to dismiss into one for summary judgment was harmless, and we decline to reverse on this basis.

[13] Mother makes no argument on appeal regarding the substance of her complaint or the substance of the trial court's order. Therefore, she has waived any argument that summary judgment was erroneously granted in favor of DCS and the individual employees.

[14] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concurs.

---

[1] The general statement in her reply brief that she "would certainly have presented affidavits and other evidence to oppose [] summary judgment" does not suffice. Reply Br. p. 7.